UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| Israel Sarinana,<br><br>    Plaintiff,<br><br>v.<br><br>American Express Company;<br>Equifax Information Services, LLC;<br>Experian Information Solutions, Inc.; and<br>TransUnion, LLC,<br><br>    Defendants. | Case No. 3:23-cv-200 |

# COMPLAINT

## INTRODUCTION

1.      This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff is an individual residing in El Paso County, Texas.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

1

6. Defendant American Express Company is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Equifax Information Services, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

8. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9. Defendant Experian Information Solutions, Inc. is engaged in the business of maintaining and reporting consumer credit information for profit.

10. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

11. Defendant TransUnion, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

12. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

13. In or about June 2020, Plaintiff reached a settlement agreement with American Express, through its counsel Rausch Sturm, to settle a credit account ending 5143.

14. The agreement called for 20 monthly payments beginning June 30, 2020 through January 30, 2022.

15. Plaintiff timely paid all settlement payments under the agreement, making the final payment on or before January 26, 2022.

16. At that time, the account was satisfied in full, and there was no balance due and owing.

17. In or around February 2023, Plaintiff checked his credit reports and noticed that American Express was reporting inaccurate information regarding the account.

18. Specifically, American Express reported that the account was still delinquent with a past due balance owing.

19. The false information regarding the account appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and overstates Plaintiff's credit utilization and liability.

20. Equifax, Experian, and TransUnion published the false information regarding the account to third parties.

## WRITTEN DISPUTE

21. On or about March 2, 2023, Plaintiff sent a written letter to Equifax, Experian, and TransUnion disputing the inaccurate information regarding the account reporting on Plaintiff's consumer report, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

22. Upon information and belief, Equifax, Experian, and TransUnion each forwarded Plaintiff's dispute to American Express for reinvestigation.

23. Upon information and belief, American Express received notification of Plaintiff's dispute from Equifax, Experian, and TransUnion.

24. American Express failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

25. Equifax, Experian, and TransUnion failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

26. American Express failed to instruct Equifax, Experian, and TransUnion to correct the false information reporting on Plaintiff's consumer report.

27. Equifax, Experian, and TransUnion each employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's dispute.

28. Equifax, Experian, and TransUnion each employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

29. At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

## COUNT I – American Express

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

30. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

31. After receiving Plaintiff's dispute, American Express failed to correct the false information regarding the account reporting on Plaintiff's consumer reports.

32. American Express violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

33. As a result of this conduct, action, and inaction of American Express, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

34. American Express's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

35. In the alternative, American Express was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

36. Plaintiff is entitled to recover costs and attorneys' fees from American Express pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## **C**OUNT **II – Equifax, Experian, and TransUnion**

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

37. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

38. After receiving Plaintiff's dispute, Equifax, Experian, and TransUnion each failed to correct the false information reporting on Plaintiff's consumer report.

39. Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

40. As a result of this conduct, action and inaction of Equifax, Experian, and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. The conduct, action, and inaction of Equifax, Experian, and TransUnion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

42. In the alternative, Equifax, Experian, and TransUnion each was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and TransUnion each pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Equifax, Experian, and TransUnion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

44. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

45. After receiving Plaintiff's dispute, Equifax, Experian, and TransUnion each failed to correct the false information reporting on Plaintiff's consumer report.

46. Equifax, Experian, and TransUnion each violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

47. As a result of this conduct, action and inaction of Equifax, Experian, and TransUnion, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. The conduct, action, and inaction of Equifax, Experian, and TransUnion was willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

49. In the alternative, Equifax, Experian, and TransUnion each was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Equifax, Experian, and TransUnion each pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: May 18, 2023

/s/Joseph Panvini
Joseph Panvini
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
litigation@mccarthylawyer.com
Attorney for Plaintiff